UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 94-5930

WILLIAM A. BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-94-2)

Submitted: March 21, 1996

Decided: April 2, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Delgado, Columbia, South Carolina, for Appellant. J. Preston
Strom, Jr., United States Attorney, Beth Caldwell, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William A. Brown appeals his conviction and sentence on a guilty plea on a charge of possession of a firearm by a felon, in violation of 18 U.S.C.A. § 922(g) (West Supp. 1995). Brown's attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), asserting that the judge erred in sentencing Brown to the "maximum" allowable under the guidelines, but concluding that there were no meritorious grounds for appeal. Brown was notified of his right to file an additional brief, which he did, claiming violations of his constitutional rights due to: (1) his alleged failure to receive a warrant or indictment on the charged offense; (2) the district court's allegedly erroneous application of the sentencing guidelines; and (3) his dual convictions in state and federal court for the same offense.

In accordance with the requirements of Anders , we have examined the entire record and find no meritorious issues for appeal. We find that Brown's guideline range was properly calculated pursuant to the United States Sentencing Commission, Guidelines Manual. As such, the district judge's imposition of a sentence within that range does not state an appealable question under 18 U.S.C.A. § 3742 (West 1985 & Supp. 1995). See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990). In addition, we find the additional issues Brown raised in his supplemental brief to be without merit.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED